UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C.W., ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-04245 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| UNITED HEALTHCARE SERVICES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff C.W. ("Plaintiff") brings a First Amended Complaint for (1) recovery of healthcare benefits pursuant to the Employee Retirement Income Security Act (Count I) and (2) violation of the Mental Health Parity Act and Addiction Equity Act ("Parity Act") (Count II). Defendants United Healthcare Services, Inc., United Behavioral Health (together, "United"), and Stifel Financial Corp. Group Benefits Plan ("the Plan") (collectively, "Defendants") move to dismiss Count II. For the following reasons, the Court denies Defendants' motion [13].

**Background**

Plaintiff was enrolled as a beneficiary of the Plan via his father, who was an employee at Stifel Financial Corp. The Plan requires prior authorization for mental health treatments and such treatment must fall under a "medically necessary" criteria and be in accordance with generally accepted standards of medical practice ("Generally Accepted Standards") to receive coverage.

During the relevant time, Plaintiff was 16 years old and suffered from a combination of neurological, mental health, and substance abuse impairments, which resulted in him receiving residential health treatment at three facilities. The first visit was at Visions Treatment Center ("Visions"). The Second visit was at Heritage Center ("Heritage"). And the third visit was at Telos

Residential Treatment ("Telos"). It is undisputed that Plaintiff never receive prior authorization at any of the foregoing facilities.

When all three medical providers submitted claims for Plaintiff's treatment, United, as the Plan's administrator, denied the claims. United denied the Visions and Heritage claims because the facilities were in an "authorization unavailable status." However, within the Visions and Heritage denials, United cited The American Academy of Child Adolescent Psychiatry Child and Adolescent Service Intensity Instrument ("CALOCUS-CASII") utilization criteria for a level 5 standard of care. Also, United initially explained it denied the claim for Telos because the provider did not respond to United's request for additional information. After Plaintiff appealed United's decision multiple times, United determined most of Plaintiff's Telos stay was not covered due to a lack of pre-authorization.

Plaintiff claims that Defendants violated the Parity Act in the following ways:

1. United's "medical necessity" criteria for mental health treatment "deviate[s] from Generally Accepted Standards" and "are more stringent or restrictive than the medical necessity criteria [for] analogous [] medical/surgical benefits."

2. United "mis-cited" its medical necessity criteria by citing to CALOCUS-CASII standard, instead of "Generally Accepted Standards" to disingenuously deny Plaintiff's treatment, which resulted in a disparity because analogous level of medical or surgical benefits would have been paid.

3. The Plan excludes Plaintiff's treatment for sub-acute inpatient treatment facilities like skilled nursing, inpatient hospice care, and rehabilitation facilities. United does not restrict or exclude these treatments for medical/surgical conditions by imposing restrictions of an "acute care requirement" for "sub-acute level care."

4. Defendants used "processes, strategies, standards, or other factors" to limit coverage for mental health or substance use disorder treatment in ways that were inconsistent with and more stringent than those used to for medical/surgical treatment.

5. United alleged it denied several of Plaintiff's claims because the facilities were unauthorized, but United does not deny claims for analogous medical/surgical services on the same grounds.

Defendants now move to dismiss Count II, the violation of the Parity Act.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

The Parity Act requires a group health plan to provide equal coverage for both medical and mental health and substance abuse benefits. *See generally* 29 U.S.C. § 1185a. To comply the Parity Act, a plan's treatment limitations applicable to mental health or substance use disorder benefits must not be more restrictive than that of medical/surgical benefits. *See id.* Also, the plan may not have separate treatment limitations that are only applicable to mental health or substance use disorder benefits. 29 U.S.C. § 1185a(a)(3)(A)(ii). "Treatment limitations" consists of "quantitative" and "nonquantitative" limitations. 29 C.F.R. § 2590.712(a). "Nonquantitative" limitations, the limitations at issue here, include a host of restrictions, including but not limited to "[r]estrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope or duration of benefits for services provided under the plan or coverage." 29 C.F.R. § 2590.712(c)(4).

Defendants argue that Plaintiff's claims fail to assert a violation of the Parity Act, as they are "vague, conclusory, and not supported by factual assertions." Plaintiff's core response is that he does not have the burden to set forth specific factual allegations. Defendant contends that caselaw requires Plaintiff to present some facts regarding the alleged disparity between coverage of mental health treatment and analogous medical/surgical treatment. Thus, the Court must determine what pleading standard applies and if Plaintiff satisfies that burden.

It is undisputed that there is no "clear" pleading standard for a Parity Act claim, especially in the Seventh Circuit where the court has not addressed the issue. Defendants assert that to substantiate a Parity Act claim the plaintiff must: "(1) identify a specific treatment mental health benefit limitation; (2) identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which the plaintiffs seek benefits; and (3) allege a disparity between the treatment limitation on mental health/substance abuse benefits as compared to the limitations that defendants would apply to the covered medical/surgical analog." *J.W. v. Bluecross Blueshield of Texas*, No. 1:21-CV-21, 2022 WL 2905657, at *5 (D. Utah July 22, 2022).

Courts within this Circuit have rejected the strict standard Defendants seek to impose, as plaintiffs at the pleading stage usually do not have specific information to identify treatment disparities, specific processes defendants use, or analogous services. *See Craft v. Health Care Serv. Corp.*, 2016 WL 1270433, at *11 (N.D. Ill. Mar. 31, 2016) (Kendall, J); *see also Natalie V. v. Health Care Serv. Corp.*, 2016 WL 4765709, at *8 (N.D. Ill. Sept. 13, 2016) (Chang, J.); *see also Smith v. Golden Rule Ins. Co.*, 526 F. Supp. 3d 374, 390 (S.D. Ind. 2021). This Court follows suit.

Several pleading standards have emerged from district courts countrywide, some accepted more than others. Because there is no clear rule, the Court will not create another ununiformed standard for courts or litigants to grapple with. However, there seems to be one core question emerging in this Circuit for courts to ask when assessing whether a plaintiff sufficiently alleges a

4

Parity Act claim: does the plaintiff plausibly allege that their health insurance plan applies a separate or more restrictive treatment limitation to mental health and substance abuse services versus medical/surgical services? *Smith*, 526 F. Supp. 3d at 388; *see also*, *Rula A.-S. v. Aurora Health Care*, No. 20-CV-1816-JPS, 2021 WL 3116143, at *4 (E.D. Wis. July 22, 2021) (applying the core question *Smith* raised).

Defendants argue that Plaintiff fails to plead how United's "medical necessity" criteria for mental health deviates from Generally Accepted Standards or how it is more restrictive than analogous medical/surgical benefits. Defendants also contend that Plaintiff fails to identify the criterion at issue. Further, Defendants argue Plaintiff fails to sufficiently identify specific analogous intermediate levels of medical/surgical benefits' criteria. Plaintiff responds that he alleges the criteria use for mental health claims are more stringent or restrictive than those applied to analogous medical/ surgical benefits like "skilled nursing facilities, inpatient rehabilitation facilities, and inpatient hospice facilities." Plaintiff asserts he supports such allegation by noting the Plan depends on Generally Accepted Standards, but United relied on CALCOUS-CASII guidelines when evaluating the medical necessity of his treatment for mental health, which is more restrictive than that of medical/surgical facilities.

Defendants' arguments rely on a stricter pleading standard than is necessary at this stage. Defendants' assertion that "Plaintiff fails to allege any facts" is false. Plaintiff essentially pleads that Defendants violates the Parity Act as applied to mental health services, as United disparately applied the "medical necessity" requirement. *See Smith*, 526 F. Supp. 3d. at 389. Plaintiff has plausibly alleged facts and hypotheses that may rise to a disparity. *Id.* at 390 (explaining that the Seventh Circuit has held it "inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each," rather "it is enough to plead a plausible

5

claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." (internal quotes and citation omitted)).

Defendants further argue that Plaintiff's allegation that United mis-cites its medical necessity criteria does not assert a disparity, but only that the determination in Plaintiff's claim was inaccurate. Plaintiff responds by highlighting the following alleged disparity: United cited to the CALCOUS-CAII guidelines to disingenuously deny his claim, an action United did not take for medical/surgical claims, resulting in a disparity. Plaintiff is alleging that Defendants miscite guidelines to create a different outcome of coverage for mental health benefits versus medical/surgical benefits. The Court finds such facts at this stage are enough to plead a Parity Act claim, as again, Plaintiff need not assert a specific disparity at this stage.

Third, Defendants assert Plaintiff cannot support a Parity Act claim based on his allegation that United applies an "acute care requirement" for mental health treatment but not for medical/surgical treatment. Particularly, Defendants contend that the complaint does not contain facts regarding "acute care requirement," define what such phrase means, assert that such a requirement was used for his claims, or compare such a requirement to other medical/surgical care. Plaintiff fails to respond to Defendants' argument amounting to waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver . . .").

Defendants also argue that Plaintiff does not allege any facts about the processes or authorization requirement for medical or surgical claims or how such processes are disparate or more restrictive. Plaintiff does not respond to Defendants argument, and therefore waives these arguments as well.

6

**Conclusion**

For the foregoing reasons, the Court denies Defendants' motion to dismiss Count II [13].

**IT IS SO ORDERED**

Date: 8/8/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge